```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/26/2013
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
MARC BOBKIN,                                                            :
                                                                        :
                              Plaintiff,                                :
                                                                        :   12 Civ. 4929 (JMF)
                  -v-                                                   :
                                                                        :   MEMORANDUM
                                                                        :   OPINION AND ORDER
CAROLYN W. COLVIN,                                                      :
    Acting Commissioner of Social Security,                             :
                                                                        :
                              Defendant.[1]                             :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, District Judge:

Plaintiff Marc Bobkin brings this action pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 405(g), challenging a final decision of the Commissioner of Social Security (the "Commissioner") finding him ineligible for disability insurance benefits ("DIB"). The Commissioner denied Bobkin's claim on the ground that it was precluded by the earlier denial of another claim for DIB. The Commissioner had denied that earlier claim on the ground that Bobkin had performed "substantial gainful activity" during the covered period and therefore did not qualify as disabled. The parties now cross-move for judgment on the pleadings. The Court agrees with the Commissioner that Bobkin's claim is barred by *res judicata*.[2]

---

[1]    On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, she should be substituted for Michael J. Astrue, the former Commissioner, as Defendant. The Clerk of Court is directed to modify the caption accordingly.

[2]    In her initial memorandum of law, the Commissioner asserted that the *res judicata* effect of the earlier decision deprived this Court of subject-matter jurisdiction. (Def.'s Mem. 3-4). As the Commissioner conceded in her reply (*see* Def.'s Reply Mem.(Docket No. 17) 1-2), that is incorrect. *See, e.g.*, *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86-88 (2d Cir. 2000).

1

It is well established that *res judicata*, or claim preclusion, applies to applications for social security benefits. *See* 20 C.F.R. § 404.957(c)(1) ("The administrative law judge [may] decide[] that there is cause to dismiss a hearing request entirely or to refuse to consider any one or more of the issues because [t]he doctrine of res judicata applies . . . ."); *see, e.g.*, *Navan v. Astrue*, 303 F. App'x 18, 19-20 (2d Cir. 2008) (holding that res judicata properly barred a claim for benefits); *Amato v. Bowen*, 739 F. Supp. 108, 111 (E.D.N.Y. 1990) (same); *see also United States v. Utah Constr. & Mining Co.*, 384 U.S. 394, 422 (1966) ("When an administrative agency is acting in a judicial capacity and resolved disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose."). For *res judicata* to bar a claim for benefits, two conditions must be met: The previous determination must be (1) final and (2) based on the same facts and issues as the new claim. *See* 20 C.F.R. § 404.957(c)(1).

Those conditions are plainly met here. First, there is no dispute that the denial of Bobkin's prior claim for DIB was final. Bobkin first applied for DIB on January 28, 2003, reporting November 28, 2002 as the onset date for his disability. (Transcript of the Administrative Record ("Tr.") 37). On November 19, 2004, an Administrative Law Judge ("ALJ") denied the application, but Bobkin sought review of the decision and the Appeals Council remanded for a supplemental hearing. (*Id.*). On October 25, 2006, the ALJ denied Bobkin's claim again, finding that he had performed "substantial gainful activity" during the disability period he had reported and thus did not qualify as disabled. (*Id.* at 45-46). That time, Bobkin did not seek review by the Appeals Council. Accordingly, the ALJ's decision became final. *See* 20 C.F.R. §§ 404.955, 404.987(a); *see also, e.g.*, *Katsoulakis v. Astrue*, 10 Civ. 81

(JFB), 2011 WL 3877080, at *1 (E.D.N.Y. Aug. 31, 2011) ("If an administrative appeal is not pursued by the claimant, the administrative determination by the [ALJ] becomes final.").

Second, the Commissioner's earlier decision was based on the same facts and issues at issue in this claim.  To prevail on his claim for DIB in the instant case, Bobkin had to establish that he was disabled within the meaning of the Social Security Act on or before December 31, 2003.  (Tr. 8).  As the ALJ noted in the decision subject to this Court's review, the ALJ who denied Bobkin's claim on October 25, 2006, decided that very issue.  (Tr. 9-10; *see also id.* at 45-46).  Specifically, the first ALJ found — at step one of the five-step sequential evaluation required for evaluating DIB applications, *see* 20 C.F.R. §§ 404.1520, 416.920; *see also Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008) (discussing the five-step evaluation) — that Bobkin had performed "substantial gainful activity" in 2003 and thus did not qualify as disabled.  (Tr. 45-46).  In fact, the ALJ expressly held that Bobkin had "not been under a 'disability' as is defined in the Social Security Act from November 28, 2002," through the date of her decision — namely, October 25, 2006.  (*Id.* 46).  As that date range fully encompasses the period of time in which Bobkin would have needed to demonstrate that he was disabled to prevail on his instant claim, the ALJ plainly did not err in holding that his instant claim is barred by *res judicata*.  *See, e.g.*, *Navan*, 303 F. App'x at 20 (finding that "the ALJ correctly applied *res judicata*" when the first decision was final and the subsequent application claimed a disability onset date that was "the same date of onset as alleged in [the] first application" and "thus include[ed] as part of [the] claimed disability period").

Plaintiff's arguments to the contrary are unpersuasive.  First, Plaintiff contends that "the onset date, date last insured and medical conditions alleged" here are "all distinct from those" in the earlier claim.  (Pl.'s Mem. 19).  But the date last insured was the same in both cases:

3

December 31, 2003.  (Tr. 8, 32, 44, 45).  And the fact that Plaintiff alleges a different onset date and a different medical condition is immaterial, because the ALJ in the earlier case found that his claim failed at step one on the ground that he had engaged in "substantial gainful activity" during the relevant time period.  That finding — which is final and binding — precludes his new claim, even though it is based on a different condition and allegedly started on a different date.  For similar reasons, there is no merit to Plaintiff's contention that *res judicata* does not apply here because he submitted new medical evidence in support of the instant claim.  (Pl.'s Mem. 19-20).  Where a claim fails at step one, there is no need even to consider evidence of a claimant's medical condition.  *See* 20 C.F.R. § 404.1520(b) ("If you are working and the work you are doing is substantial gainful activity, we will find that you are not disabled regardless of your medical condition or your age, education, and work experience."); *see also, e.g.*, *Cataneo v. Astrue*, No. 11 Civ. 2671 (KAM), 2013 WL 1122626, at *10 (E.D.N.Y. Mar. 17, 2013) ("At step 1, . . . .[i]f the claimant is engaged in substantial gainful employment, he is not disabled regardless of [his] medical condition." (citation omitted) (internal quotation marks omitted)); *Shepard v. Astrue*, No. 10 Civ. 323 (JMC), 2011 WL 5419852, at *4 (D. Vt. Oct. 12, 2011) ("At step one of the sequential evaluation, the ALJ determines whether a claimant is engaging in SGA.  If so, the claim is denied regardless of medical condition . . . .").

  The Court has carefully considered all of Plaintiff's arguments and finds that they are without merit.  Further, the Court has reviewed the record and concludes that the Commissioner's findings are supported by substantial evidence and not based on legal error.  *See Shaw v. Chater*, 221 F.3d 126, 131-32 (2d Cir. 2000) (discussing the standard of review of decisions by the Commissioner).  Accordingly, Plaintiff's motion for judgment on the pleadings is DENIED, and Defendant's cross-motion for judgment on the pleadings is GRANTED.

The Clerk of the Court is directed to terminate Docket Nos. 11 and 14 and to close the case.

SO ORDERED.

Dated: November 26, 2013
       New York, New York

_____
JESSE M. FURMAN
United States District Judge